**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KEITH E. SONDERLING,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>      Plaintiff,<br><br>v.<br><br>SUPERIOR MANOR OF FESTUS LLC dba<br>SUPERIOR MANOR OF FESTUS;<br>SARA MOSLEY aka SARA WINBUSH,<br>individually; and BETRINA L. GAITHER aka<br>HOLLY NEFF, individually,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 4:26-cv-982<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Pursuant to Sections 216 and 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Keith E. Sonderling, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the defendants Superior Manor of Festus LLC dba Superior Manor of Festus ("Superior Manor"), Sara Mosley aka Sara Winbush individually, and Betrina L. Gaither aka Holly Neff individually, (collectively, "Defendants") from violating Sections 207, 211, 215(a)(2) and 215(a)(5) of the FLSA, to enjoin and restrain Defendants from withholding unpaid compensation from their employees, and to collect Civil Money Penalties ("CMPs") due for Defendants' willful violations of the FLSA.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed

Defendants' employment and pay practices from August 9, 2022, through August 8, 2024. Unless stated otherwise, the allegations and conditions described herein pertain to the Investigation Period.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(e)(2) and 217, and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## Defendants

3. Defendant Superior Manor is a limited liability corporation within this Court's jurisdiction, having a principal office and facility from which it conducts business located at 12827 State Road TT, Festus, Missouri, 63028.

4. Superior Manor provides assisted living, memory care, skilled nursing and rehabilitation, and it employs employees such as registered nurses, physical therapists, medical social workers and health aides who care for individuals that reside at the facility.

5. Defendant Sara Mosley aka Sara Winbush is an employer within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)). Defendant Sara Mosley aka Sara Winbush has actively managed and supervised Superior Manor's operations and its employees during the Investigation Period. Among other things, Sara Mosley aka Sara Winbush is the 100% owner of Superior Manor, is the Administrator of the facility, signs paychecks, and sets rates of employee pay.

6.	Defendant Sara Mosley aka Sara Winbush has acted directly or indirectly in Superior Manor's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7.	Defendant Betrina L. Gaither aka Holly Neff is an employer within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).  Defendant Betrina L. Gaither aka Holly Neff handles the day-to-day activities at Superior Manor, including hiring, firing and supervising employees, and sets rates of employee pay in conjunction with Sara Mosley aka Sara Winbush.

8.	Defendant Betrina L. Gaither aka Holly Neff has acted directly or indirectly in Superior Manor's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

9.	During the Investigation Period, Defendants engaged in business within Jefferson County, within this Court's jurisdiction.

## FLSA VIOLATIONS

### The FLSA Applies to Defendants

10.	Superior Manor is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

11.	Superior Manor is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

**FLSA Violations**

12.     Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek and instead paid employees their regular rates for all hours worked and/or did not pay employees for all hours worked. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

13.     Defendants violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. § 211, 29 C.F.R. Part 516.  For example, some employees appeared on time records but not on the payroll records, the hours shown on the payroll records did not in all instances match the hours shown on the time records, and required FLSA posters were not displayed at the facility.

**Remedies Sought**

14.     As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages under Section 217 of the FLSA.  If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

15.     Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Acting Secretary does not currently know.

16.     As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

17.     Moreover, Defendants repeatedly and willfully violated Sections 207 and 215(a)(2) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

18.     Specifically, Defendants acted willfully when they had notice about the FLSA's requirements by virtue of the Wage and Hour Division's 2019 investigation of another healthcare entity owned by Defendant Sara Mosley aka Sara Winbush, and due to the current 2024 investigation of Defendants, yet Defendants did not pay their Superior Manor employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek, and upon information and belief, continued to fail to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek after the Investigation Period.

19.     Because Defendants repeatedly and willfully violated the FLSA, the Acting Secretary is entitled to recover unpaid compensation for Defendants' employees for a three-year period. 29 U.S.C. § 255(a).

### CIVIL MONEY PENALTIES

20.     As a result of the Wage and Hour Division's investigation of Defendants, a Determination and Notice of Civil Money Penalty Assessment for Fair Labor Standards Act Minimum Wage and/or Overtime Violations ("Notice of Penalty") was issued to Defendants Superior Manor and Sara Mosley, notifying them of the Acting Secretary's determination of the assessment of CMPs in the amount of $103,634.49.  Wage and Hour issued the Notice of Penalty to Defendants on May 13, 2026, pursuant to 29 U.S.C. § 216(e), for alleged willful violations of Section 207 of the Act and the regulations promulgated thereunder, 29 C.F.R. Parts 578 and 580.

21.     The Notice of Penalty was transmitted separately to Defendants Superior Manor and Sara Mosley by certified mail and was received on May 18, 2026, by each Defendant.  Neither Defendant Superior Manor nor Defendant Sara Mosley took exception within 15 days after receipt of the Notice of Penalty to the determination that the violation or violations for which the penalty was imposed occurred. The determination by the Acting Secretary as to the amount of the civil

monetary penalty, therefore, became final by operation of Section 16(e) of the Act on June 12, 2026.

### Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

A.     Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2), and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a);

B.     Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary;

C.     If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621;

D.     Entering judgment against Defendants Superior Manor and Sara Mosley aka Sara Winbush for the Civil Money Penalties of $103,634.49, with interest from June 15, 2026, pursuant to 29 U.S.C. § 216(e);

E.     Providing such other relief as may be necessary and appropriate;

F.     Awarding costs and granting such other and further relief as may be necessary and appropriate.

**JONATHAN BERRY**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor


 /s/ Dana M. Hague_____
DANA M. HAGUE (KS #21572)
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
816-285-7289 (Direct)
816-285-7289 (Fax)
Hague.Dana.M@dol.gov

*Attorneys for Plaintiff Keith E. Sonderling,
Acting Secretary of Labor, United States
Department of Labor*