**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH SONDERLING,<br>Acting Secretary of Labor,<br>United States Department of Labor, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 4:26-cv-982-JSD |
| SUPERIOR MANOR OF FESTUS LLC<br>dba SUPERIOR MANOR OF FESTUS;<br>SARA MOSLEY aka SARA WINBUSH,<br>individually; and BETRINA L. GAITHER<br>aka HOLLY NEFF, individually, | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Superior Manor of Festus LLC dba Superior Manor of Festus ("Superior Manor"), Sara Mosely aka Sara Winbush ("Mosely"), and Betrina L. Gaither aka Holly Neff ("Gaither"), for their answer to Plaintiff's Complaint, hereby state as follows:

1. The allegations in paragraph 1 of the Complaint contain solely legal conclusions, which require no response. To the extent that paragraph 1 alleges facts, they are denied.

2. The allegations in paragraph 2 of the Complaint contain solely legal conclusions, which require no response. To the extent that paragraph 2 alleges facts, they are denied.

3. Admitted.

4. Admitted.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 5 of the Complaint alleges facts, Defendant denies that

Mosely is the Administrator of the facility and otherwise admits the remaining factual allegations.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 6 of the Complaint alleges facts, they are denied.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 7 of the Complaint alleges facts, they are admitted.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 8 of the Complaint alleges facts, they are denied.

9. Admitted.

10. Paragraph 10 of the Complaint alleges legal conclusions which require no response. To the extent that Paragraph 10 alleges facts, they are denied.

11. Paragraph 11 of the Complaint alleges legal conclusions which require no response. To the extent that Paragraph 11 alleges facts, they are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendants admit that a Determination and Notice of Civil Money Penalty Assessment dated May 13, 2026 was issued to Defendants and state that such document speaks

for itself and is the best evidence of its contents. Defendants further stated that paragraph 20 contains legal conclusions to which no response is required. Except as expressly so stated, Defendants deny the remaining allegations in paragraph 20.

21. Defendants admit that the Notice of Penalty was transmitted to Defendants and otherwise states that they currently lack knowledge or information sufficient to form a belief about the remaining factual allegations in paragraph 20 and therefore deny them.

**DEFENSES**

In further response to Plaintiff's Complaint, Defendants assert the following affirmative defenses and other defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.
2. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations to the extent that they seek to recover sums for pay periods that ended more than two and/or three years before the action was filed.
3. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches in that Plaintiff chose not to initiate this lawsuit for an unreasonably long period of time after the subject events occurred.
4. Even if the alleged violations occurred (which Defendants deny), no liquidated damages may be assessed because Defendants believed in good faith that they were paying the wages required by law and not willfully violating the law.
5. Plaintiff's claims are barred in whole or in part to the extent that the employees referenced in the Complaint held positions that were exempt from overtime pay requirements.

6. Even if Defendant Superior Manor committed any of the alleged violations (which Defendants deny), neither Defendant Mosely nor Defendant Gaither may be found to be individually liable for any violations because they acted only on behalf of Superior Manor and did have the requisite control over the management and supervision of the business and employees to be held individually liable.
7. Defendants constitutional due process rights were violated in that they were not provided an adequate opportunity to assert defenses to or otherwise challenge Plaintiff's determinations of violations, liquidated damages and penalties.
8. Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserve their right to amend this answer to assert any such defense or to explain further the basis for any defense already asserted.

WHEREFORE, having fully answered, Defendants pray that this Court dismiss Plaintiff's Petition and each count thereof with prejudice, award the Defendants their attorney's fees and costs as allowed by law, and enter such further and other relief as the Court deems just and proper.

Respectfully submitted,

SHANDS, ELBERT, GIANOULAKIS &
GILJUM, LLP

*<u>/s/ David A. Castleman</u>*________________________

David A. Castleman, MO #47946
Kevin A. Sullivan, MO #55140
8235 Forsyth Blvd., Suite 700
St. Louis, MO 63105
(314) 241-3963
dcastleman@shandselbert.com
ksullivan@shandselbert.com

Attorney for Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 21st day of September 2026, a copy of the foregoing was served electronically via the Court's e-filing system on all counsel of record.

*/s/ David A. Castleman*