**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH E. SONDERLING,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR MANOR OF FESTUS LLC dba SUPERIOR MANOR OF FESTUS;<br>SARA MOSLEY aka SARA WINBUSH, INDIVIDUALLY; and<br>BETRINA L. GAITHER, aka HOLLY NEFF, Individually,<br><br>Defendants. | ) | No. 4:26-CV-982-JSD |

## CASE MANAGEMENT ORDER

This matter is before the Court following submission by the parties of a proposed joint scheduling plan. Note: The Court's standard case management order has been substantially modified and counsel should read it carefully. Counsel should refer to the Court's website, http://www.moed.uscourts.gov, for the Local Rules, CM/ECF Procedures Manual, Daily Docket, Forms, Courtroom Technology, Jury Plan, and Judge's Contact Information and Requirements.

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of good cause and with the Court's consent as per Fed. R. Civ. P. 16(b)(4):

## I. SCHEDULING PLAN

1. This case has been assigned to Track 2 (Standard).

2. All motions for joinder of additional parties or amendment of pleadings shall be filed by **March 15, 2027**. Motions for leave to amend must be accompanied by the proposed amended pleading.

3. Disclosure shall proceed in the following manner:

(a)(i) The parties shall make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., by **November 13, 2026**.

(a)(ii) The Court will not consider general discovery objections. All objections to written discovery must be stated with specificity, see Rules 33(b)(4), 34(b)(2)(B), Fed. R. Civ. P. For document production, an objection must state whether any responsive materials are being withheld on the basis of the objection. See Rule 34(b)(2)(C), Fed. R. Civ. P.

(a)(iii) For assertions of privilege or work product, for each item of information or document withheld from production in response to a written discovery request, the withholding party must serve a privilege log on opposing counsel. See Rule 26(b)(5)(A), Fed. R. Civ. P. The privilege log must be served simultaneously with the response to the written discovery request in which the assertion of privilege or work product is made.

(a)(iv) In the event the parties seek discovery of electronically stored information, such as emails, files or documents stored on a server or computer, or other electronic documents, the parties have generally agreed ESI may be produced in Portable Document Format (i.e., PDF files).

(a)(v) On privilege logs, the parties agree the following do not need to be logged: (a) documents created after June 22, 2026, the date on which the original Complaint was filed; (b) documents created by a party's counsel; (c) communications between a party and that party's counsel (or between the Wage and Hour Division and counsel for the Secretary) that do not involve a third party; (d) communications between two or more counsel within the office/firm representing a party; (e) intra-governmental communications; and (f) settlement-related communications. The parties further agree that: (a) that production of any document for use in this action shall not constitute, be deemed to constitute, or be contended to constitute a waiver of any attorney-client privilege or work product protection beyond the document itself; and (b) that, in the event a party or their counsel inadvertently discloses any document protected by the attorney-client privilege or work product doctrine to the opposing party, such privilege and protection is not thereby waived, and the opposing party shall return such document and not retain any copies of such document, provided that the parties reserve the right to contend that no such privilege or protection existed as to the information contained in the document in the first place (prior to production).

(b)(i) The parties shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., by **April 5, 2027**, and shall make expert witnesses available for depositions and have depositions completed by **May 31, 2027**. The parties shall disclose all rebuttal experts and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ.

P., by **April 27, 2027**, and shall make rebuttal experts available for depositions and have depositions completed by **May 31, 2027**.

(b)(ii) Expert witnesses who are not retained or specially employed to provide expert testimony, such as treating health care providers, are not required to prepare reports or provide other information required by Rule 26(a)(2)(B). Where such an expert will testify as a fact witness and also provide expert testimony, the offering party must identify the witness under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The Rule 26(a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

(c) The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply.

(d) Requests for physical or mental examinations of parties pursuant to Rule 35, Fed. R. Civ. P., are not anticipated.

(e) The parties shall complete all discovery in this case by **May 31, 2027**. Discovery requests must be served sufficiently prior to this date to allow the full response time before the completion date.

(f) Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service of pleadings and other papers, including discovery documents, by electronic means by submitting the documents to the designated email address of the attorneys of record.

(g) Consistent with this Court's requirements, before filing any discovery related motion, the moving party must confer with the other side and make a good faith attempt to resolve the dispute in compliance with the Court's requirements and the Local Rules. If the parties are unable to reach an agreement without court intervention, they must schedule a telephone or video conference with the Court wherein they may seek the Court's guidance. At the time of scheduling the conference, the parties must file a joint memorandum, no longer than one page, providing a brief description of the issues not resolved. If at the conclusion of the conference, it is determined that a motion to compel is necessary, the Court will set a briefing schedule. Any motion filed before a telephone or video conference will be denied without prejudice.

(h) Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4. This case shall be referred to alternative dispute resolution on **May 3, 2027**, and the referral shall terminate on **June 18, 2027**.

5. Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, and motions under Daubert must be filed by **June 30, 2027.** The time limits of Local Rules 4.01(B) and (C) apply to Rule 12 and Daubert motions. For summary judgment motions, opposition briefs shall be filed by **July 30, 2027**, or within 30 days of the filing of the motion, whichever is earlier; and any reply brief may be filed by **August 13, 2027**, or within 14 days of the filing of the opposition, whichever is earlier. **A Courtesy copy (including exhibits) of all**

**motions to dismiss, for judgment on the pleadings, for summary judgment, and under Daubert shall be submitted to chambers either by mail or hand delivery**. Courtesy copies must be printed on one side of the page only.

The filing of a motion (including a discovery motion, motion for summary judgment, motion to dismiss, etc.) does not excuse the parties or their counsel from fully complying with this Order.

## II. ORDER RELATING TO TRIAL

This action is set for a **NON-JURY** trial on **Monday, January 24, 2028**, at 9:00 a.m. This is a two-week docket.

In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:

1. **Stipulation**: Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts.

2. **Witnesses**:

(a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits**:

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4. **Depositions, Interrogatory Answers, and Request for Admissions**:

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5. **Findings of Fact, Conclusions of Law and Trial Brief**: Submit to the Court and to opposing counsel full, complete, and specific findings of fact and conclusions of law, together with a trial brief, citing authorities, in support of said party's legal theories and discussing any anticipated substantive or procedural problems.

6. **Motions in Limine**: File all motions in limine to exclude evidence at least twenty (20) days before trial. The Court will not consider any motion in limine unless it contains a statement that the movant's counsel has conferred *in person or by telephone* with opposing counsel in a good faith effort to resolve the dispute presented by the motion. Opposition to a motion in limine must be filed no later than five (5) days after the motion in limine is served.

7. **Pretrial Compliance Materials**: The parties shall mail or hand-deliver to chambers a paper working copy (courtesy copy) of all pretrial compliance materials including motions in limine. Courtesy copies must be printed on one side of the page only.

Failure to comply with any part of this Order may result in the imposition of sanctions. See Local Rule 5.04.

**JOSEPH DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 14th day of October, 2026.